# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS J. SHADDEN, JR., | ) | 1:11-cv-01674-DLB (HC) |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | ) | |
| CONNIE GIPSON, | ) | |
| Respondent. | ) | [Doc. 1] |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by Joaquin Arturo Revelo. Esq.

Petitioner filed the instant petition for writ of habeas corpus on September 29, 2011. Petitioner raises various challenges to his 2004 conviction in Kern County Superior Court for discharging a firearm in a grossly negligent manner (Cal. Penal Code § 246.3), shooting a firearm at an unoccupied motor vehicle (Cal. Penal Code § 247(a)), and being a felon in possession of a firearm (Cal. Penal Code § 12021(a)). Petitioner also challenges a subsequent and related 2005 conviction of attempting to prevent or dissuade a witness to the shooting from testifying at his trial in the 2004 case.

Petitioner concedes that he has previously filed two separate habeas corpus petitions in this Court in case numbers 1:09-cv-1610-JLT (HC) and 1:10-cv-0298-SMS (HC).[1] In case

---

[1] The Court takes judicial notice of the docket in case number 1:09-cv-01610-JLT (HC). Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd 645 F.2d 699 (9th Cir.) (Judicial notice may be taken of court records).

1

1  number 1:09-cv-1610-JLT (HC), Petitioner challenged the same 2004 and 2005 convictions, and
2  the petition was denied on the merits on September 7, 2011 and judgment was entered this same
3  date.  In case number 1:10-cv-0298-SMS (HC), the petition was dismissed as duplicative of 1:09-
4  cv-1610-JLT (HC) on March 19, 2010,[2] and the Ninth Circuit Court of Appeals denied a
5  certificate of appealability.

6       A federal court must dismiss a second or successive petition that raises the same grounds
7  as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive
8  petition raising a new ground unless the petitioner can show that 1) the claim rests on a new,
9  retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable
10 through due diligence, and these new facts establish by clear and convincing evidence that but for
11 the constitutional error, no reasonable factfinder would have found the applicant guilty of the
12 underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that
13 decides whether a second or successive petition meets these requirements, which allow a
14 petitioner to file a second or successive petition.

15       Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by
16 this section is filed in the district court, the applicant shall move in the appropriate court of
17 appeals for an order authorizing the district court to consider the application." In other words,
18 Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive
19 petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must
20 dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave
21 to file the petition because a district court lacks subject-matter jurisdiction over a second or
22 successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart,
23 105 F.3d 1268, 1277 (9th Cir. 1997), cert. denied, 117 S.Ct. 794 (1997); Nunez v. United States,
24 96 F.3d 990, 991 (7th Cir. 1996).

25       Because the current petition was filed after April 24, 1996, the provisions of the
26 Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current

---

[2] The Court also takes judicial notice of the docket in case number 1:10-0298-SMS (HC).

petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED without prejudice as a successive petition; and

2. The Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In the present case, the Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed without prejudice as successive under 28 U.S.C. § 2244(b)(1).  Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:   **November 7, 2011**             /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE